William F. King (Bar No. 023741)
Shayna R. Frieden (Bar No. 037841)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
bill.king@gknet.com
shayna.frieden@gknet.com

Robert H. Goodman (to be admitted *pro hac vice*)
PARRISH & GOODMAN, PLLC
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Telephone:   (813) 643-4529
Facsimile:    (813) 315-6535
rgoodman@parrishgoodman.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Maison, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>NEXA Mortgage, LLC, an Arizona limited liability company,<br><br>　　　　　　　Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Tom Maison ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint for damages resulting from at least thirty-three (33) unlawful text communications sent by Defendant NEXA Mortgage, LLC ("Defendant" or "NEXA") in violation of 47 U.S.C. § 227(b).  The matters asserted herein are based on Plaintiff's personal knowledge, on the investigation and knowledge of his counsel, and on information and belief.

## NATURE OF ACTION

1. Plaintiff seeks damages and injunctive relief, for himself and other members of the proposed class, resulting from Defendant's transmission of at least thirty-three (33) unlawful text communications that were sent to Plaintiff's cellular telephone number ending in –3144, of which Plaintiff is the subscriber and regular user, without Plaintiff's consent, in direct violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200 *et seq.*

2. The text communications Defendant sent were unwanted, violated and disturbed Plaintiff's privacy, and caused Plaintiff injury, including by occupying and using Plaintiff's telephone memory space and depriving him of its use.

## JURISDICTION

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Personal jurisdiction and venue are proper in this Court because Plaintiff resides in this District, the unlawful text messages were received by Plaintiff while present in this District, Defendant did direct and transmit the unlawful text messages to Plaintiff while Plaintiff was in this district, and Defendant does substantial business in this District.

## PARTIES

5. Plaintiff is an adult individual residing in Phoenix, Arizona; he is a "person" as defined under 47 U.S.C. § 153(39).

6. Defendant NEXA, a full-service mortgage company, is an Arizona limited liability company with its principal place of business at 3100 West Ray Road, Suite 201, Chandler, Arizona 85226; it is a "person" as defined under 47 U.S.C. § 153(39).

## THE TCPA

7. Congress enacted the TCPA in 1991 to address consumer and business complaints regarding certain telemarketing practices, particularly "the proliferation of intrusive, nuisance calls." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, ¶¶ 1, 6, 105 Stat. 2394 (codified at 47 U.S.C. § 227). At its core, the TCPA is a

2

consumer protection statute intended to protect consumer privacy against the scourge of unwanted telephone calls and unwanted text messages.

8. The TCPA prohibits "any person within the United States, or any person outside the United States if the recipient is within the United States," from: (1) making a call (other than one made for emergency purposes); (2) to a cellular telephone number; (3) using an automatic telephone dialing system; (4) without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(1)(iii).

9. Under the TCPA, the term "call" includes text messages. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7964, ¶ 1 n.3 (2015); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (affirming "that a text message is a 'call' within the meaning of the TCPA").

10. The TCPA defines an "automatic telephone dialing system" ("ATDS") as equipment that has the capacity: "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**FACTUAL ALLEGATIONS**

11. The telephone number -3144 is assigned to Plaintiff's cellular telephone service under the TCPA for which Plaintiff is the regular subscriber and user.

12. Plaintiff registered his number ending -3144 with the Do Not Call Registry; Plaintiff's number has been registered with the Do Not Registry since July 11, 2005.

13. Plaintiff did not consent or give permission to receive text messages from NEXA for any purpose, including for purposes of being recruited to work for NEXA.

14. Plaintiff did not make an inquiry or application with NEXA for an employment opportunity; Plaintiff did not have an established business relationship with NEXA.

/ / /

/ / /

9702492v1/41943-0001

**A.     NEXA sent at least thirty-three (33) non-emergency text messages to Plaintiff's cellular phone number ending -3144 without Plaintiff's consent.**

15. For times relevant to this Complaint, the phone numbers (480) 376-7567 and (423) 264-2420 were associated with NEXA.

16. Since March 6, 2023, NEXA has sent at least thirty-three (33) non-emergency text messages to Plaintiff's cellular telephone number ending -3144, all without Plaintiff's express consent and despite his several requests for Defendant to stop:

| # | Date | Sender's Number | Plaintiff's Response | Date of Response |
|---|---|---|---|---|
| 1 | 3/6/23 | 480-376-7567 | "This number is on the Do Not Call List. Please remove me immediately from your list." | 3/6/23 |
| 2 | 3/13/23 | 480-376-7567 | | |
| 3 | 3/22/23 | 480-376-7567 | | |
| 4 | 3/31/23 | 480-376-7567 | "Again, this number is on the Do Not Call list. Please remove me immediately from your list." | 3/31/23 |
| 5 | 4/11/23 | 480-376-7567 | | |
| 6 | 4/19/23 | 423-264-2420 | "Stop." | 4/19/23 |
| 7 | 5/2/23 | 480-376-7567 | | |
| 8 | 5/2/23 | 480-376-7567 | | |
| 9 | 5/2/23 | 480-376-7567 | | |
| 10 | 5/2/23 | 480-376-7567 | | |
| 11 | 5/4/23 | 480-376-7567 | "Please remove." | 5/4/23 |
| 12 | 5/4/23 | 480-376-7567 | | |
| 13 | 5/8/23 | 480-376-7567 | | |
| 14 | 5/11/23 | 480-376-7567 | | |
| 15 | 5/18/23 | 480-376-7567 | | |
| 16 | 5/24/23 | 480-376-7567 | | |
| 17 | 7/17/23 | 423-264-2420 | | |

4

| | | | | |
|---|---|---|---|---|
| 18 | 7/19/23 | 423-264-2420 | | |
| 19 | 7/25/23 | 423-264-2420 | | |
| 20 | 8/1/23 | 423-264-2420 | | |
| 21 | 8/8/23 | 423-264-2420 | | |
| 22 | 8/9/23 | 423-264-2420 | | |
| 23 | 8/14/23 | 423-264-2420 | | |
| 24 | 8/23/23 | 423-264-2420 | | |
| 25 | 9/6/23 | 423-264-2420 | | |
| 26 | 9/20/23 | 480-376-7567 | | |
| 27 | 9/20/23 | 480-376-7567 | | |
| 28 | 9/20/23 | 480-376-7567 | | |
| 29 | 9/20/23 | 423-264-2420 | | |
| 30 | 9/22/23 | 480-376-7567 | | |
| 31 | 9/26/23 | 480-376-7567 | "Please stop." | 9/26/23 |
| 32 | 9/26/23 | 480-376-7567 | | |
| 33 | 10/4/23 | 423-264-2420 | | |

5

9702492v1/41943-0001

17. Below are samples of NEXA's text messages to Plaintiff:






6







18.     None of NEXA's text messages sent to Plaintiff's cellular telephone number were for an emergency purpose.

**B.      NEXA used an ATDS.**

19.     Each of the above text messages identified in ¶ 16, *supra*, was sent by NEXA to Plaintiff's cellular telephone using an ATDS, without Plaintiff's consent.

20.     As the screenshots above reflect: (a) NEXA's text messages to Plaintiff were generic and impersonal; (b) NEXA sent several, repetitive messages over a relatively short period of time; (c) Plaintiff did not have the ability to interact with the messages—indeed, only one message even included a "stop" or "opt-out" command; (d) and the recruiters' names and contact information provided at the end of most message did not match the number NEXA used to send each text message.

21.     On information and belief, there was no human intervention involved in sending the text messages identified in ¶ 16, *supra*, aside from creating the text to be sent, inputting a list of telephone numbers, and selecting the dates and times the text messaging campaign would commence.

22.     Upon information and belief, the text messages sent to Plaintiff and identified in ¶ 16, *supra*, were placed via NEXA's SMS Blasting Platform, *i.e.* an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) and as prohibited by 47 U.S.C. § 227(b)(1)(A).

23.     The text messages NEXA sent to Plaintiff's cellular telephone, as identified in ¶ 16, *supra*, were not, upon information and belief, sent by a live agent and thus created a one-sided conversation in which Plaintiff could not receive a response to his requests.  The text messages also were sent in an automated fashion as a result of computerized campaigns that were pre-programmed in advance to send messages out to large groups all at once, either sequentially or via algorithmic dialing, *i.e.* in an automated fashion by a computer.

24.     The text messages sent to Plaintiff's cellular telephone number, as identified in ¶ 16, *supra*, were upon information and belief sent by NEXA via an SMS blasting platform that employed a text message as an instrument or medium of expression to deliver an

8

automatic message drafted in advance of being sent, *i.e.* that of an SMS message. Such SMS blasting platforms are incapable of spontaneity, as they must be programmed by the operator to automatically send messages out, *en masse*, pursuant to preprogrammed parameters.

25. Upon information and belief, the text messages sent to Plaintiff's cellular telephone were scripted in advance by NEXA, whose employees wrote out the standard automated messages that were ultimately sent to Plaintiff and other class members, and by way of preprogrammed SMS blasting, entered the prerecorded message into the SMS Blasting platform, and thereafter sent these messages pursuant to scheduled blasts that were programmed by NEXA.

**C.  Plaintiff was damaged as a result of NEXA's aggressive and unlawful messages.**

26. Plaintiff was harmed and injured by NEXA's text messages. The text messages it sent to Plaintiff's cellular phone depleted his phone's data, storage, and battery life, and prevented Plaintiff's ability to use the phone to place and receive text messages. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that spam text messages can slow cell phone performance by taking up phone memory space).

27. Plaintiff's privacy was wrongfully invaded and disturbed by the unwanted text messages, which forced Plaintiff to spend time and energy to review the unwanted text messages.

28. Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted, illegal calls and text messages from NEXA.

## CLASS ACTION ALLEGATIONS

**A.  The Class**

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated members of the following class (the "Class"):

9

> All persons in the United States to whom (a) Defendant, through itself, its agent(s), or employee(s), placed or sent one or more non-emergency telephone call(s) or text message(s); (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of the putative class members but believes there are several hundred putative Class members, if not more.

### B. <u>Numerosity</u>

30. Upon information and belief, over the last four years, NEXA placed non-emergency calls and sent text messages using an ATDS to cellular telephone numbers belonging to hundreds of persons throughout the United States without first obtaining prior express consent and without an existing business relationship. The members of the putative Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the putative Class members are unknown at this time and can only be ascertained through discovery. Identification of the putative Class members is a matter that can be determined from NEXA's own records.

### C. <u>Common Questions of Law and Fact</u>

32. There are questions of law and fact common to the putative Class that predominate over any questions affecting only individual members. These questions include, but are not limited to:

    a. Whether NEXA's messages and calls to Plaintiff and members of the putative Class were made for a non-emergency purpose;

    b. Whether NEXA's messages and calls to Plaintiff and the putative Class were made without the requisite consent;

    c. Whether NEXA's messages and calls to Plaintiff and the putative Class were made using an ATDS;

    d. Whether NEXA's messages and calls to Plaintiff and the putative Class violate the TCPA;

10

      e.    Whether NEXA's conduct was knowing and/or willful;

      f.    Whether NEXA is liable for damages, and the amount of such damages; and;

      g.    Whether NEXA should be enjoined for its ongoing TCPA violations.

33. The common questions in this case have common answers. Upon information and belief, Plaintiff's claim that NEXA routinely placed illegal calls and sent text messages to telephone numbers using an ATDS without the prior express consent of the user will be supported by discovery and will demonstrate that Plaintiff and the putative Class members have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

34. Plaintiff's claims are typical of the claims of the putative Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

35. Plaintiff will fairly and adequately protect the interests of the putative Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, including claims under the TCPA.

36. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

37. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of putative Class members in individually controlling the prosecutions of separate claims against NEXA is small because it is not economically feasible for Class members to bring individual actions. Accordingly, the likelihood of individual Class members prosecuting their own separate claims and enforcing their rights is remote. Moreover, the court system would be unduly burdened if every member of the Class could afford and brought individual litigation.

///

11

9702492v1/41943-0001

## COUNT I – VIOLATION OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(a)(1))

38. Plaintiff incorporates by reference all of the above paragraphs of his Complaint, as though fully stated herein.

39. 47 U.S.C. § 227(b)(1)(A) provides: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

40. 47 C.F.R. § 64.1200(a)(1) provides: "No person or entity may . . . initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) [t]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

41. The TCPA provides a private right of action for violations of 47 U.S.C. § 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

42. As alleged herein, NEXA sent no less than thirty-three (33) non-emergency text messages to Plaintiff's cellular phone ending -3144 without Plaintiff's consent and through the use of an ATDS, all in violation of 47 U.S.C. § 227(b)(1)(A).

43. Each text message NEXA sent to Plaintiff's phone through an ATDS, as identified in ¶ 16, *supra*, constitutes a separate violation of the TCPA, 47 U.S.C. § 227(b)(3) and 47 C.F.R. § 64.1200(a)(1).

44. Plaintiff is entitled to an award of $500 in statutory damages for each text message Defendant sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

12

45. Because the text messages were sent by NEXA willfully and knowingly in violation of the TCPA, Plaintiff is entitled to treble damages in the amount of $1,500 for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by NEXA in the future pursuant to 47 U.S.C. § 227(b)(3)(C).

## **JURY TRIAL DEMAND**

Plaintiff requests a trial by jury in this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Enjoining Defendant's continuing TCPA violations pursuant to 47 U.S.C. § 227(b)(3)(A);

B. Statutory damages of $500.00 for each and every text message sent to Plaintiff in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of up to $1,500.00 for each and every text message sent to Plaintiff in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

D. An award of attorneys' fees and costs; and

E. Such other and further relief as may be just and proper.

/ / /
/ / /

9702492v1/41943-0001

RESPECTFULLY SUBMITTED this 23rd day of October, 2023.

GALLAGHER & KENNEDY, P.A.

By: /s/ *Shayna R. Frieden*
William F. King
Shayna R. Frieden
2575 East Camelback Road
Phoenix, Arizona 85016-9225

Robert H. Goodman (*pro hac vice* to be submitted)
PARRISH & GOODMAN, PLLC
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Telephone: (813) 643-4529
Facsimile: (813) 315-6535
rgoodman@parrishgoodman.com

*Attorneys for Plaintiff Tom Maison*

9702492v1/41943-0001